IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTINEZ LUIS ALBERTO,[1]

      Plaintiff,

v.                                         CASE NO. 5:16-cv-287-LC-GRJ

JULIE JONES, SECRETARY
FLORIDA DEPT. OF CORRECTIONS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 19, Defendant's Motion to

Dismiss. Plaintiff has responded. (ECF No. 23.) Defendant's motion to

dismiss is therefore ripe for review. For the reasons explained below, it is

respectfully recommended that Defendant's motion to dismiss be granted.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the Florida Department of

Corrections ("FDOC"), initiated this case by filing a *pro se* complaint

pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff thereafter filed an

---

[1] While there has been some confusion over Plaintiff's name, he says that he writes his name as it appears on his identification card, which is "Martinez Luis Alberto." (ECF No. 27 at 1.)

amended complaint ("Complaint"). (ECF No. 12.) In his Complaint, Plaintiff brings an access-to-courts claim against Defendant, Secretary Julie Jones of the FDOC. (*Id.*)

Plaintiff alleges that he was convicted of first-degree murder and second-degree assault with a firearm, for which he was sentenced to 39 years in prison on November 17, 2006, in King County Superior Court, located in Washington State. He was originally sentenced to the Washington State Department of Corrections, but he was then transferred to the FDOC on an interstate compact on October 1, 2012. (ECF No. 12 at 5–6; ECF No. 12-1 at 2–4, 7–9.)

Plaintiff says that he was sent to Florida without his legal documents, and since 2013 he has requested case law and legal materials, such as statutes and court rules, from Washington State so that he can pursue a "nonfrivolous legal claim." However, Washington State has not provided him with these requested materials.[2] Plaintiff also says that he has suffered an "injury" because he cannot attack his criminal conviction in Washington State and he has legal matters pending. (ECF No. 12 at 5–6; ECF No. 12-1

---

[2] Specifically, Plaintiff says "[t]he sending state is obligated to satisfy in some reasonable manner the constitutional right of out of state inmates to meaningful access to the court." (ECF No. 12-1 at 9.)

at 2–4, 7–9.)

Plaintiff says the Washington State Department of Corrections and Defendant have denied him meaningful access to the Washington State courts by not providing him with case law and legal materials, all of which he says violates the Fifth and Fourteenth Amendments as well as Article 1, Section 9 of the Florida Constitution and the interstate compact. (ECF No. 12 at 6–7; ECF No. 12-1 at 4, 6, 9.)  As relief Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, nominal damages, and attorney's fees. (ECF No. 12 at 7; ECF No. 12-1 at 9–11.)

## II.  STANDARD OF REVIEW

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must

allege facts sufficient to move claims "across the line from conceivable to plausible." "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

Defendant argues Plaintiff's complaint should be dismissed for four reasons: (1) Plaintiff fails to state a claim for relief; (2) Plaintiff's claim for damages against Defendant in her official capacity is barred by the Eleventh Amendment, (3) Plaintiff's claims for punitive and compensatory damages are barred pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) ("PLRA"), (4) Plaintiff has failed to state a claim against Defendant based on *respondeat superior*, and (5) Plaintiff is not entitled to attorney's fees.

### A. Access to Courts

Plaintiff asserts that Defendant has denied him access to Washington State courts by not providing him with legal materials from Washington State. He says this failure to provide him with these materials

has prevented him from raising a "nonfrivolous legal claim" to attack his conviction. Plaintiff alleges this violates his Fifth and Fourteenth Amendment rights.[3] (ECF No. 12.)

"It is now well established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "[This] fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. Of course, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting

---

[3] While it is true that access-to-courts claims can be cognizable under the Fifth or Fourteenth Amendment. *See Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) ("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment."). However, the Fifth Amendment is inapplicable to Plaintiff's claims because Defendant is a state actor, not a federal actor. *Hill v. Orange Cty. Sheriff*, 666 F. App'x 836, 840 (11th Cir. 2016) ("[T]he Fifth Amendment does not apply to state actors . . . .").

Thus, the Fourteenth Amendment applies to Plaintiff's case. Claims regarding access to courts under the Fourteenth Amendment involve the same standard as applied in such claims under the First Amendment—"a plaintiff must show actual injury by demonstrating that her efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action." *McCauley v. Georgia*, 466 F. App'x 832, 836 (11th Cir. 2012) (citing *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998).

*Bounds*, 430 U.S. at 825).

Since *Bounds*, the Supreme Court has clarified what an individual

must show to state a claim regarding access to the courts.

> Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351 (citation omitted). In other words, an individual must

show actual injury. *Id.* at 349.

The Eleventh Circuit has stated that "[a]ctual injury may be

established by demonstrating that an inmate's efforts to pursue a

nonfrivolous claim were frustrated or impeded by a deficiency in the prison

library or in a legal assistance program or by an official's actions." *Barbour*

*v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Lewis*, 518 U.S. at

351, then citing *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998)).

More specifically, "the plaintiff must identify within his complaint, a

'nonfrivlous, arguable underlying claim.'" *Id.* at 1226 (quoting *Christopher v.*

*Harbury*, 536 U.S. 403, 415 (2002) (internal quotation marks omitted)). The trial court should not be "left to guess at the plaintiff's unstated cause of action." *Id*.

Applying Supreme Court and Eleventh Circuit precedent to Plaintiff's complaint, Plaintiff has failed to state an access-to-courts claim because he failed to allege that he suffered the requisite actual injury. Without any reference to the type of claim or particular proceeding, Plaintiff has merely made the conclusory allegation that the failure of Defendant to provide him with Washington State legal materials has prevented him from pursuing a nonfrivolous legal claim to attack his conviction. He has not stated in his complaint or his response to Defendant's motion whether he is attempting to file a direct appeal or a habeas petition regarding his conviction. Notably, he has failed to allege any facts showing that any such claim would be nonfrivolous, particularly in light of the fact that Plaintiff was convicted and sentenced almost 12 years ago—a circumstance which makes a direct appeal or even a petition for collateral review highly unlikely. As a result, this Court is left to guess what nonfrivolous claim Plaintiff has been hindered in bringing.

Further, any amendment to Plaintiff's complaint to include additional facts to describe the nonfrivolous claim to which Plaintiff refers would be

futile because the sending state, and not the receiving state, has the responsibility for ensuring a prisoner has access to the courts of the sending state.  *See Boyd v. Wood*, 52 F.3d 820, 821 (9th Cir. 1995) (holding that "sending state authorities maintain responsibility for providing state legal materials to their prisoners incarcerated in out-of-state facilities," and finding that authorities from the receiving state were the wrong defendants); *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993) ("[W]e adopt the present consensus that it is the sending state which bears the burden of providing the required state legal materials . . . .").[4]  This view that the sending state, and not the receiving state, is responsible for providing legal materials has been followed by a number of district courts that have dealt with this issue. *See, e.g.*, *Messere v. Fair*, 752 F. Supp. 48, 50 (D. Mass. 1990) (finding Massachusetts authorities responsible for ensuring Massachusetts prisoner transferred to Connecticut had access to Massachusetts courts and Massachusetts legal materials)[5]; *Hudson v.*

---

[4] There are, however, circuits that say that there is a shared responsibility. *See, e.g.*, *Rich v. Zitnay*, 644 F.2d 41, 43 n.1 (1st Cir. 1981) (noting in the case of a state prisoner transferred to a federal prison that "[r]eceiving as well as sending officials share responsibility for insuring prisoners' access to the courts."). Notably, the Tenth Circuit explicitly declined to follow this case. *Clayton*, 26 F.3d at 982.

[5] This court also noted that the plaintiff's "complaints in the District of Connecticut were dismissed after the court found that it was the responsibility of the Massachusetts DOC rather than the Connecticut officials charged in the Connecticut actions to provide [the plaintiff] with meaningful access to the courts." *Messere*, 752 F. Supp. at 49 n.2.

*Israel*, 594 F. Supp. 664, 669 (E.D. Wis. 1984) ("[An action for denial of access to in-state courts in the wake of some transfer to an out-of-state facility cannot be maintained against a party who had no personal involvement in or knowledge of the alleged constitutional violation. Accordingly, under circumstances like the present, it is clear that the proper defendant, if any, must be the director or administrator of corrections of the sending state or his or her supervisors—that is, the individuals most directly responsible for the transfer of prisoners pursuant to the interstate compact or agreement to which they are presumably signatories.").

This approach makes the most sense. Washington State officials, who transferred Plaintiff to the Florida Department of Corrections, are in the best position to provide access to legal materials. If Florida correctional institutions were required to provide legal materials from other states to prisoners transferred to Florida under an interstate compact Florida prisons would have to have legal materials from all fifty states available, a requirement that does not make economic sense and a requirement that does not make logical sense.

Therefore, even assuming Plaintiff has a valid denial of access to court claim the proper defendants are the Washington State authorities,

who were directly responsible for Plaintiff's transfer, and the proper place to bring such a claim against them is in a court located in Washington State, not here in the Northern District of Florida.

Accordingly, for these reasons, even assuming Plaintiff could allege a valid denial of access to court claim, the claim would be dismissed against the Secretary of the Florida Department of Corrections because Washington State officials, and not Florida correctional officials, have the responsibility for providing access to Washington State legal materials.[6]

## B. Eleventh Amendment

To the extent Plaintiff seeks damages against Defendant in her official capacity, those claims also should be dismissed.[7] "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State*

---

[6] Because Plaintiff has failed to state an access-to-courts claim against Defendant under the Fourteenth Amendment, it follows that he has also failed to state such a claim under the Florida Constitution.

[7] In Plaintiff's complaint, he marked that he is suing Defendant in her official capacity. (ECF No. 12 at 2.) In his response to Defendant's motion to dismiss, however, he stated that he is suing her in her official and individual capacity. (ECF No. 23 at 2–5.)

*Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment is no bar where (1) the state consents to suit in federal court, or (2) where congress has abrogated the state's sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). In this case neither exception applies.

First, Florida has not consented to be sued in damage suits brought under § 1983. *See Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). Nor has Florida waived its sovereign immunity. *See* Fla. Stat. § 768.28(18). Second, Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). Thus, while Plaintiff is permitted to bring suit against Defendant in her individual capacity for damages, the Eleventh Amendment prohibits Plaintiff from suing Defendant in her official capacity for damages under § 1983.

Accordingly, to the extent Plaintiff's claims are asserted against Defendant in her official capacity for damages, those claims are due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such

relief.").

## C. Damages

Additionally, even if Plaintiff had stated a plausible claim for relief against Defendant in her individual capacity, Plaintiff is not entitled to punitive or compensatory damages. "The PLRA provides that 'no Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" *Boxer X v. Donald*, 169 F. App'x 555, 558 (11th Cir. 2006) (quoting 42 U.S.C. § 1997e(e)). "[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accomplished by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Al-Amin v. Smith*, 637 F.3d 1192, 1195–96 (11th Cir. 2011).

Plaintiff has not alleged that he suffered any physical injuries whatsoever from Defendant's alleged actions. Plaintiff, therefore, is not entitled to compensatory or punitive damages. *See Logan v. Hall*, 604 F. App'x 838, 840–41 (11th Cir. 2015) (district court correctly determined plaintiff failed to allege a claim for compensatory or punitive damages for a claim because he did not allege physical injury).

Plaintiff, however, would have been entitled to pursue nominal damages against Defendant in her individual capacity if she was the proper defendant and if he had stated a claim against her. A plaintiff is entitled to receive nominal damages for the violation of a fundamental constitutional right, even if he cannot prove actual injury. *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007). However, because Plaintiff has failed to state a claim that Defendant violated any of his constitutional rights, no such claim for nominal damages remains.

## D. Respondeat Superior

To the extent Plaintiff is attempting to raise claims against Defendant based on vicarious liability or *respondeat superior*, such claims are unavailable under § 1983. *See Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Additionally, "the law is well established that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others." *Garland v. Jones*, No. 4:15cv280-MW/CAS, 2016 WL 3709619, at *3 (N.D. Fla. June 6, 2016) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)), *report and recommendation adopted*, 2016 WL 3708174 (N.D. Fla. July 11,

2016).

Because Plaintiff has not stated how Defendant was personally involved in the conduct related to his access-to-courts claim, to the extent his claims against Defendant are brought based upon the theory of *respondeat superior*, Plaintiff's claims are due to be dismissed.

### E. Attorney's Fees

Lastly, because Plaintiff is a *pro se* litigant, he is not entitled to any attorney's fees. As the Supreme Court has stated, "The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Because Plaintiff is not a lawyer, even if he were entitled to some relief—which the Court has found he is not—his claim for attorney's fees would be due to be dismissed.

### IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant's Motion to Dismiss, ECF No. 19, should be **GRANTED** and the case dismissed without leave to amend**.**

**IN CHAMBERS** this 5th  day of February 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

# <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**