IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTINEZ LUIS ALBERTO,

    Plaintiff,
v.                                                                  CASE NO. 5:16-cv-287-LC-GRJ

SEC'Y, FLA. DEP'T
OF CORR., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Secretary Mark S. Inch's Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 62. Plaintiff has filed a memorandum in opposition to Secretary Inch's motion, ECF No. 65, and the motion is therefore ripe for the Court's consideration. For the reasons explained below, it is respectfully **RECOMMENDED** that Secretary Inch's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 62, should be **GRANTED** and the claims against Secretary Inch in his official and individual capacities should be **DISMISSED without leave to amend**.

### I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff,

who was convicted of first-degree murder and second-degree assault with a firearm in 2006 in the State of Washington and sentenced to a 34-year term of imprisonment, is incarcerated in Florida under the custody and control of the Florida Department of Corrections ("DOC") pursuant to the states' interstate compact agreement.  Doc. 12-1 at 3; Doc. 53 at 2.  Plaintiff brought an access-to-courts claim under the First and Fourteenth Amendments, asserting he was denied access to Washington legal materials that he needs in order to attack his Washington state conviction.  Doc. 1 at 5–7.

     Plaintiff initially named as defendants in his initial Complaint the Secretary of the Florida DOC and the Secretary of the Washington DOC.  *Id.* at 2.  Because Plaintiff is an inmate in the custody of the Florida DOC and the Court understood Plaintiff to challenge the Florida DOC's policy regarding providing out-of-state legal materials to inmates confined pursuant to the interstate compact, the Court directed service of the Complaint only upon the Florida DOC Secretary.  ECF No. 7.

     Thereafter, Plaintiff amended the Complaint as a matter of course and again named Florida DOC Secretary and the Washington DOC Secretary as defendants.  ECF No. 12.  Plaintiff asserted in his First Amended Complaint that the defendants have denied him meaningful

2

access to the Washington state courts by transferring him to Florida without his legal documents and refusing to provide him with case law and legal materials – such as statutes and court rules – from Washington so that he can attack his criminal conviction in Washington.  ECF No. 12 at 5–6; ECF No. 12-1 at 2–4, 7–9.  Plaintiff asserted that the defendants' failure to provide him with the requested legal materials violated his rights under the Fifth and Fourteenth Amendments as well as Article 1, Section 9 of the Florida Constitution and the interstate compact.  ECF No. 12 at 6–7; ECF No. 12-1 at 4, 6, 9.  As relief, Plaintiff sought declaratory and injunctive relief, compensatory, punitive, and nominal damages, and attorney's fees.  ECF No. 12 at 7; ECF No. 12-1 at 9–11.

The Florida DOC Secretary moved to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.  ECF No. 19.  In recommending dismissal, the undersigned determined that Plaintiff failed to allege he suffered the requisite actual injury to state an access-to-courts claim.  ECF No. 28 at 6–7.  The undersigned further found that any amendment to the complaint to include additional facts to describe the actual injury would be futile because the proper defendant, if any, is the Washington DOC Secretary and the proper place to bring a claim against the Washington Secretary is in a court located in Washington.  *Id.* at 7–10.

3

The undersigned further found that the Eleventh Amendment bars claims for money damages against the Florida DOC Secretary in an official capacity; the Prison Litigation Reform Act ("PLRA") bars Plaintiff from obtaining punitive or compensatory damages against the Florida DOC Secretary in the absence of physical injury; Plaintiff is not entitled to receive nominal damages against the Florida DOC Secretary because Plaintiff fails to state a claim that the Secretary violated any of his constitutional rights; Plaintiff's claims based on *respondeat superior* against the Florida DOC Secretary are unavailable under § 1983; and Plaintiff is not entitled to attorney's fees. *Id.* at 10–14. The undersigned therefore recommended that the Florida DOC Secretary's motion to dismiss be granted and the case be dismissed without leave to amend. *Id.* at 14.

The district judge adopted the undersigned's report and recommendation over Plaintiff's objections and dismissed the suit. ECF No. 30. Plaintiff appealed to the Eleventh Circuit Court of Appeals. In a *per curiam* opinion issued on April 30, 2019, the Court of Appeals held that dismissal of the lawsuit without leave to amend was error. ECF No. 45 at 6. The Eleventh Circuit did not address the merits of Plaintiff's constitutional claims and remanded this case with instructions to grant Plaintiff an opportunity to amend his complaint. *Id.* at 7–8.

## II.  THE SECOND AMENDED COMPLAINT

Accordingly, the Court granted Plaintiff leave to file an amended complaint.  ECF No. 47.  On August 9, 2019, Plaintiff, now represented by counsel, filed his Second Amended Complaint, naming the Florida DOC Secretary and Washington DOC Secretary, in their official and individual capacities, as defendants.  ECF No. 53 at 2.  Plaintiff raises the same access-to-courts claim under § 1983 discussed above and alleges Defendants' violations of the First, Fifth, Ninth, and Fourteenth Amendments.  *Id.* at 1–3.  Plaintiff avers that he has standing to bring this constitutional clam based on three supposed infirmities in his conviction that he "has grounds to file" in Washington state court, in addition to any "other infirmities to be discovered and explored after Plaintiff has access to the law material of Washington State as demanded."  *Id.* at 3–4.  As relief, Plaintiff seeks "a mandatory injunction requiring either or both Defendants to provide Plaintiff with meaningful access to the laws, case law, rules and regulations from the State of Washington," compensatory and nominal damages, temporary or permanent transfer to the State of Washington, and attorney's fees.  *Id.* at 5.  After Plaintiff's Second Amended Complaint was served on Defendants, ECF No. 59, Secretary Inch filed the instant motion to dismiss, ECF No. 62.

## III.  LEGAL STANDARD

To properly plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Determining whether a complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support her claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim" are "not entitled to be assumed true."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009).  To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."  *Id.* at 680.  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

## IV.  DISCUSSION

Secretary Inch argues Plaintiff's claims against him should be dismissed for five reasons: (1) Plaintiff fails to sufficiently plead an access-to-courts claim because he does not allege an actual injury; (2) Secretary Inch is immune from an award of damages against him in his official capacity under the Eleventh Amendment; (3) an award of compensatory and punitive damages is barred by the PLRA, 42 U.S.C. § 1997e(e); (4) Plaintiff fails to state a claim against Secretary Inch based on *respondeat superior*; and (5) Plaintiff has not alleged violations of the Fifth, Ninth, and Fourteenth Amendments.

### A.  Access to Courts

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *abrogated on other grounds by*, *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

Of course, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). Since *Bounds*, the Supreme Court has clarified what an individual must plead to state a claim regarding access to the courts:

> Insofar as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* (internal citations omitted). That is, an inmate must show an actual injury.

The Eleventh Circuit has explained that "[a]ctual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). More specifically, "the

8

plaintiff must identify within his complaint a nonfrivolous, arguable underlying claim." *Id.* at 1226. "Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998).

Plaintiff's access-to-courts claim rests on his assertion that Secretary Inch has hindered his ability to "legally attempt to challenge his Washington conviction" by failing to furnish him with legal materials (statutes, case law, rules, and regulations) from Washington. ECF No. 53 at 3–5. Plaintiff explains he has three supposed legal challenges to his conviction for which he alleges he may "seek redress in state court" – ineffective assistance of counsel, prosecutorial misconduct, and the denial of his right to be present at trial – and he further states that "without the legal knowledge contained in that material, [he] cannot know what other grounds he has to challenge his conviction." *Id.* at 3–4.

Secretary Inch argues that Plaintiff's pleading is deficient because any challenge to his conviction – including those cited in his Second Amended Complaint – is time-barred. ECF No. 62 at 8. Defendant points out that Revised Code of Washington § 10.73.090 imposes a one-year statute of limitations on the collateral attack of a conviction, Plaintiff's

9

conviction was final on January 6, 2009, and Plaintiff was not in Florida DOC's custody until October 2012. *Id.* at 8–9 (citing ECF No. 53 at 3).[1] Plaintiff's only retort to this argument is that it places him in a proverbial Catch-22. Doc. 65 at 6–7. Plaintiff asserts that any ruling as to whether he may be time-barred from pursuing post-conviction relief is premature because § 10.73.090 is subject to statutory and procedural exceptions that Plaintiff could only learn apply to him once he obtains access to the Washington legal materials. *Id.*

The Court agrees with Defendant that the allegations of actual injury in the Second Amended Complaint are deficient. Plaintiff fails to allege facts that, if taken as true, would plausibly demonstrate the three enumerated legal challenges to his conviction are, at a minimum, not frivolous in light of the one-year statute of limitations for post-conviction relief. In Plaintiff's response to Secretary Inch's motion to dismiss, Plaintiff refers, without elaboration, to "equitable tolling" and the six statutory exceptions to Washington's one-year statute of limitations. ECF No. 65 at 6–7. However, there is not a single allegation in the Second Amended

---

[1] The Court further takes judicial notice of the public record regarding Plaintiff's Washington conviction and related court proceedings. *See Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) ("[A] district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.").

Complaint to support this cursory argument, and a plaintiff may not supplement or supplant the facts in his complaint in a response to a motion to dismiss. *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) ("[T]he court limits its consideration to the pleadings and exhibits attached thereto."); *Teal v. Spears*, No. 4:12-cv-456-RH-CAS, 2014 WL 116584, at *5 (N.D. Fla. Jan. 13, 2014) ("Plaintiff may not amend his complaint via his response to a motion to dismiss."). In any event, the facts properly before this Court do not demonstrate that an equitable tolling argument would be viable because Plaintiff does not allege that he was unable to raise these claims when he was in Washington DOC custody for more than three years after his conviction was final. Plaintiff's claims therefore appear, at this juncture, to be rooted in hope rather than the law.

Plaintiff's residual allegation – that he needs the Washington legal materials to discover additional infirmities in his conviction – is insufficient to support an actual injury. The Supreme Court has not only held that a plaintiff is required to describe the "predicate claim" underlying the access-to-courts action "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope," *Christopher v. Harbury*, 536 U.S. 403, 416 (2002), but it has expressly disclaimed the premise of Plaintiff's residual argument, that the state is

11

required to "enable the prisoner to *discover* grievances," *Lewis*, 518 U.S. at 354 (emphasis in original). Here, Plaintiff fails to articulate a legal claim at all, and thus the purported difficulty he is confronted with in Florida from conducting an untimely fishing expedition for claims attacking his Washington conviction does not violate the Constitution.

Lastly, Plaintiff fails to state an access-to-courts claim against Secretary Inch for the failure to furnish out-of-state legal materials. As this Court previously held, ECF No. 28 at 7–9, the responsibility for ensuring a prisoner has access to the courts of the prisoner's sending state remains with the sending state. The Eleventh Circuit has not addressed this issue and declined to do so in resolving Plaintiff's appeal. ECF No. 45 at 6. The Court therefore follows the greater weight of authority,[2] which Plaintiff does not meaningfully attempt to distinguish, and maintains its prior ruling.

At bottom, Plaintiff not only fails to allege an actual injury, but Secretary Inch is not the proper defendant to any access-to-courts claim that may stem from the allegations in the Second Amended Complaint. It

---

[2] *See Boyd v. Wood*, 52 F.3d 820, 821 (9th Cir. 1995) ("[S]ending state authorities maintain responsibility for providing state legal materials to their prisoners incarcerated in out-of-state facilities."); *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993) ("[W]e adopt the present consensus that it is the sending state which bears the burden of providing the required state legal materials[.]); *see also De La Garza v. Lantz*, No. 3:08-cv-00015-DJS, 2009 WL 507044, at *3 n.2 (D. Conn. Feb. 5, 2009); *Messere v. Fair*, 752 F. Supp. 48, 52 (D. Mass. 1990) (holding a sending state "is obliged to satisfy in some reasonable manner the constitutional right of out-of-state inmates to meaningful access to the courts").

would be futile to grant Plaintiff the opportunity to amend his claim against Secretary Inch because Plaintiff cannot re-plead around the latter issue. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Plaintiff's access-to-courts claim against Secretary Inch is therefore due to be dismissed with prejudice.

## B. Eleventh Amendment

Even if Plaintiff had stated a plausible access-to-courts claim against Secretary Inch, Plaintiff would not be entitled to an award of damages against Secretary Inch in his official capacity. "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment is no bar where (1) the state consents to suit in federal court, or (2) where congress has abrogated the state's sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). In this case neither exception applies.

First, Florida has not consented to be sued in damage suits brought under § 1983. *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779

F.2d 1509, 1515 (11th Cir. 1986).  Nor has Florida waived its sovereign immunity.  Fla. Stat. § 768.28(18).  Second, Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Schopler v. Bliss*, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).  Thus, the Eleventh Amendment prohibits Plaintiff from suing Secretary Inch in his official capacity for damages under § 1983.

Accordingly, Plaintiff's claims for damages against Defendant in his official capacity are also due to be dismissed.

### C.  PLRA Limitation on Damages

The PLRA further bars Plaintiff's claims for punitive or compensatory damages against Secretary Inch in his individual capacity. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"  42 U.S.C. § 1997e(e).  "[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accomplished by allegations of physical injuries that are greater than *de minimis*."  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002) (emphasis added).  This limitation applies equally

to all constitutional claims, including "those rarely accompanied by physical injury (e.g., First Amendment violations)." *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011); *see also Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019).

Plaintiff has not alleged that he suffered any physical injuries whatsoever from Secretary Inch's alleged actions. Plaintiff, therefore, is not entitled to compensatory or punitive damages from Secretary Inch. *See Logan v. Hall*, 604 F. App'x 838, 840–41 (11th Cir. 2015) (district court correctly determined plaintiff failed to allege a claim for compensatory or punitive damages for a claim because he did not allege physical injury).[3]

## D. Respondeat Superior

To the extent Plaintiff's claim against Secretary Inch, in either his official or individual capacity, is based on vicarious liability or *respondeat superior*, such a claim is unavailable under § 1983. "It is well established in [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

---

[3] Plaintiff, however, would have been entitled to pursue nominal damages against Secretary Inch in his individual capacity if he was the proper defendant and if Plaintiff had stated a claim against her. A plaintiff is entitled to receive nominal damages for the violation of a fundamental constitutional right, even if he cannot prove actual injury. *See Rager v. Augustine*, 760 F. App'x 947, 952 (11th Cir. 2019) ("Notably, § 1997e(e) does not bar claims for nominal damages." (citing *Brooks v. Warden*, 800 F.3d 1295, 1307–08 (11th Cir. 2015))).

*respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (emphasis added). A supervisory defendant such as Secretary Inch may be held "liable only if [he] personally participated in the allegedly unconstitutionally conduct or if there is a casual connection between [his] actions and the alleged constitutional deprivation." *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007); *see also Am. Fed'n of Labor and Congress of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1190 (11th Cir. 2011).

Because Plaintiff does not adequately allege that Secretary Inch personally participated in or was causally connected to the conduct underlying his access-to-courts claim, any claim against him made pursuant to *respondeat superior* or vicarious liability would also be dismissed.[4]

### E.  Other Constitutional Claims

Finally, Plaintiff does not allege any independent claim against Secretary Inch under the Fifth or Ninth Amendment. "Access to the courts

---

[4] Pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), the foregoing limitations – the Eleventh Amendment, § 1997e(e), or the § 1983 bar on vicarious liability – do not preclude a lawsuit against Secretary Inch in his official capacity for prospective injunctive relief. *See, e.g.*, *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) ("Under the doctrine enunciated in *Ex Parte Young* … a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.").

is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). Notably absent from this list is the Ninth Amendment, which is not sustainable as a separate catch-all claim by Plaintiff. *See Schowengerdt v. U.S.*, 944 F.2d 483, 490 (9th Cir. 1991) (rejecting a plaintiff's § 1983 claim under the Ninth Amendment "because [the Ninth Amendment] has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation"). The Fifth Amendment is also inapplicable because Plaintiff does not allege a violation of the Constitution by a federal actor. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.").

As explained above, Plaintiff has failed to properly allege Secretary Inch's violation of the First and Fourteenth Amendments by hindering his access to the courts. Any attempt by Plaintiff to recharacterize his access-to-courts claim as a separate Fifth or Ninth Amendment violation by Secretary Inch is without merit.

## V.  RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that Secretary Inch's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 62, should be **GRANTED** and the claims against Secretary Inch in his official and individual capacities should be **DISMISSED without leave to amend**.

**IN CHAMBERS** this 22nd day of October 2019.

<u>s/ Gary R. Jones</u>
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**