IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTINEZ LUIS ALBERTO,

    Plaintiff,

v.                                                                              CASE NO. 5:16-cv-287-LC-GRJ

SEC'Y, WASH. DEP'T
OF CORR.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion for Summary Judgment. ECF No. 72. Plaintiff has filed a response in opposition, ECF No. 72, and, therefore, the motion is ripe for the Court's consideration. For the reasons discussed below, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment should be **GRANTED**.

## I. BACKGROUND

In 2006, Plaintiff was convicted in the State of Washington of first-degree murder and second-degree assault with a firearm and sentenced to a prison term of 416 months (roughly 34 years). ECF No. 73-2 at 5. Plaintiff's conviction and sentence were affirmed on appeal to Washington's intermediate appellate court, and the Washington Supreme Court denied

his petition for review. ECF No. 73-3; *see also State v. Martinez-Luis*, 145 Wash. App. 1018 (Wash. Ct. App. 2008), *rev. denied*, 165 Wash. 2d 1015 (Wash. 2009).

Plaintiff then initiated proceedings for the collateral review of his conviction. Plaintiff filed a personal restraint petition—Washington's "modern version[] of ancient writs, most prominently habeas corpus, that allow[s] petitioners to challenge the lawfulness of confinement," *In re Coats*, 267 P.3d 324, 327 (Wash. 2011)—which was denied in 2011. ECF No. 73-4. Plaintiff also sought federal habeas review under 28 U.S.C. § 2254 in the United States District Court for the Western District of Washington. ECF No. 73-5. There, Plaintiff raised two constitutional claims: (1) ineffective assistance of counsel for failure to investigate an alibi defense; and (2) violation of due process for failure to disclose the identity of a confidential informant. *Id.* The district court denied the § 2254 habeas petition, *Martinez v. Sinclair*, No. C09-456-RSM-JPD, 2012 WL 6953029, at *1 (W.D. Wash. Oct. 29, 2012), *report and recommendation adopted*, 2013 WL 328065, at *1 (W.D. Wash. Jan. 28, 2013), and the Ninth Circuit Court of Appeals denied his request for a certificate of appealability, ECF No. 73-5 at 64.

In October 2012, Plaintiff was transferred from Defendant's custody to the Florida Department of Corrections under the Interstate Corrections Compact ("ICC"). ECF No. 53 at 3, 14; ECF No. 72 at 2; *see also* Fla. Stat. § 941.56 (adopting the ICC); Wash. Rev. Code § 72.74 (same). While in Florida, Plaintiff sent letters to the Washington Department of Corrections requesting materials for "legal work" pertaining to his conviction, including case law, Washington rules of criminal procedure and statutes, and a blank personal restraint petition. ECF No. 53 at 7–9. These requests were to no avail. *Id.* at 3; ECF No. 72 at 2. Plaintiff made similar unsuccessful demands to the Florida Department of Corrections through the inmate grievance process. ECF No. 53 at 10–15.

So began this case. This matter has a protracted procedural history, including an appeal to the Eleventh Circuit and the recent dismissal of the Florida Department of Corrections as a defendant for failure to state a claim. ECF No. 66. Relevant here, Plaintiff alleges in an unsworn complaint that Defendant's refusal to provide him with Washington legal materials while he is in the custody of the Florida Department of Corrections violates his constitutional right to access the Washington courts. ECF No. 53 at 1–3. Plaintiff says he has standing to bring this constitutional claim based on three supposed infirmities in his conviction, in

3

addition to any "other infirmities to be discovered and explored after Plaintiff has access to the law material of Washington State as demanded." *Id.* at 3–4.  As to relief, Plaintiff is seeking an injunction requiring Defendant "to provide Plaintiff with meaningful access to the laws, case law, rules and regulations from the State of Washington," compensatory and nominal damages, temporary or permanent transfer to the State of Washington, and attorney's fees.  *Id.* at 5.

## II.  DEFENDANT'S MOTION AND LEGAL STANDARD

The parties had an opportunity for discovery on Plaintiff's constitutional claim, ECF No. 71, and Defendant now moves for summary judgment under Federal Rule of Civil Procedure 56, ECF No. 72.  Defendant argues that Plaintiff's access-to-courts claim is untenable because his "complaint is devoid of any allegation of an actual injury," *id.* at 6, and, alternatively, Defendant is entitled to qualified immunity as to any claim for damages because any constitutional right to legal materials "after all appeals have been upheld" is not clearly established law, *id.* at 8–9.  Plaintiff has responded in opposition.  ECF No. 74.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any materials fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).

4

In applying this standard, the Court looks to "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ P. 56(c)(1)(A).  On the other hand, "[a]llegations in an unsworn complaint are not evidence for purposes of summary judgment[.]" *Chambliss v. Buckner*, 804 F. Supp. 2d 1240, 1248 n.6 (M.D. Ala. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); see also *Sanchez v. Sanchez*, No. 5:10-cv-288-RH-EMT, 2015 WL 5016842, at *1 (N.D. Fla. Aug. 24, 2015) (same).

As an initial matter, it is conspicuous that Defendant's motion and Plaintiff's response do not rely on a typical evidentiary record.  Defendant's motion, instead, challenges the sufficiency of the allegations in Plaintiff's complaint—which Plaintiff has not sworn to, ECF No 53 at 5—and relies only on public records detailing Defendant's conviction and post-conviction proceedings.  ECF No. 72 at 6.  This is akin to a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or for judgment on the pleadings, Fed. R. Civ. P. 12(c).[1]  Accordingly, Defendant's motion for summary judgment is construed as a motion for judgment on the pleadings

---

[1] There is ample authority recognizing the Court's ability to take judicial notice of public records when resolving a motion under Federal Rule of Civil Procedure 12.  *See, e.g.*, *Halmos v. Bomardier Aeospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010).

5

under Rule 12(c) and will be resolved as such.  *See Dyal v. Union-Bag Camp Paper Corp.*, 264 F.2d 387, 391 (5th Cir. 1959) ("The summary judgment rendered by the court below, based entirely upon the pleadings and exhibits, is functionally the same as a judgment on the pleadings." (footnote omitted))[2]; *Dunn v. J.P. Stevens & Co., Inc.*, 192 F.2d 854, 855 (2d Cir. 1951) (a motion for summary judgment filed without supporting affidavits "may properly be treated as attacking the complaint for failure to state a claim upon which relief can be granted").[3]

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] *See also TransPacific Tire & Wheel, Inc. v. Orteck Int'l, Inc.*, No. DKC-06-187, 2012 WL 2711375, at *3 (D. Md. July 6, 2012); *Noriega v. Home Depot, USA, Inc.*, No. 11-CV-91-WPL-WDS, 2011 WL 13284643, at *1 (D.N.M. Oct. 6, 2011); *Sampath v. Concurrent Techs. Corp.*, No. 2003-264-J, 2005 WL 8168431, at *1 (W.D. Pa. Aug. 30, 2005); *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211 (N.D.N.Y. 2008); *Katz v. Molic*, 128 F.R.D. 35, 38 (S.D.N.Y. 1989); *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 n.4 (N.D. Ga. 1978); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 (4th ed.) ("Because the summary-judgment motion is designed to pierce the formal allegations of the pleadings, it normally is not made or opposed on the basis of the pleadings alone.  Moreover, if the motion is made solely on the basis of one or more pleading, it is equivalent to a motion under Rule 12(b)(6) for a dismissal for failing to state a claim for relief or under Rule 12(c) for a judgment on the pleadings and should be treated as such.").

law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). The Court considers a motion for judgment on the pleadings for failure to state a claim using the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2)(B) (the defense of failure to state a claim may be raised in a Rule 12(c) motion); *see also Losey v. Warden*, 52 F. App'x 717, 719 (11th Cir. 2013); *Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, 1329 (N.D. Fla. 2017).

To properly plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a complaint should be dismissed for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support her claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across

7

the line from conceivable to plausible." *Id.* at 680. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

## III.  DISCUSSION

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *abrogated on other grounds by*, *Lewis v. Casey*, 518 U.S. 343, 354 (1996).[4] This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

---

[4] The basis for this constitutional right is unsettled. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) ("Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." (internal citations omitted)); *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) ("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment.").

Of course, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825).  Since *Bounds*, the Supreme Court has clarified what an individual must plead to state a claim regarding access to the courts:

> Insofar as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* (internal citations omitted).  That is, an inmate must show an actual injury.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[O]ur cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.").

The Eleventh Circuit has explained that "[a]ctual injury may be established by demonstrating that an inmate's efforts to pursue a

9

nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). More specifically, "the plaintiff must identify within his complaint a nonfrivolous, arguable underlying claim." *Id.* at 1226; *see also Christopher*, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). "Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998).

In view of these principles, the undersigned concludes that Plaintiff's access-to-courts claim fails as a matter of law because he does not present a "nonfrivolous" and "arguable" predicate claim. *Christopher*, 536 U.S. at 415 (citing *Lewis*, 518 U.S. at 353). Plaintiff asserts that Defendant has hindered his ability to "legally attempt to challenge his Washington conviction" by failing to furnish him with legal materials (statutes, case law, rules, and regulations) from Washington, and he offers three supposed legal challenges to his conviction. ECF No. 53 at 3–5. Plaintiff, however, has failed to allege facts that would plausibly demonstrate his three


enumerated legal challenges to his conviction are, at a minimum, not frivolous.

Plaintiff does not allege that his predicate claims satisfy any statutory or equitable exception to the one-year statute of limitations for post-conviction relief under Washington law, Wash. Rev. Code § 10.73.090, and the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d).  His underlying claims are, therefore, frivolous because they are time-barred.  *See Craft v. Middleton*, 524 F. App'x 395, 400–01 (10th Cir. 2013) (prisoner's access-to-courts claim was properly dismissed for failure to allege an actual injury "because the statute of limitations period on [the prisoner's] habeas petition had expired before [he] requested legal materials"); *Howard v. Spearman*, No. 1:06-cv-1829-ALA-P, 2009 WL 737054, at *2 (E.D. Cal. Mar. 19, 2009), *aff'd*, 384 F. App'x 684 (9th Cir. 2010) (prisoner's access-to-courts claim failed as a matter of law because federal habeas relief was time-barred before any wrongful acts by the prison); *Lee v. Jones*, No. CIV-A-00-153-BH-C, 2001 WL 102364, at *3 (S.D. Ala. Jan. 18, 2001) (plaintiff failed to state a claim where his alleged predicate claim was a time-barred habeas petition).  What's more, Plaintiff ignores the significant fact that he previously litigated a direct appeal and collateral challenges to his conviction before being transferred to the

Florida Department of Corrections, ECF No. 72 at 6, which raises additional issues of waiver and default as to his predicate claims that Plaintiff does not address in the Second Amended Complaint (or, for that matter, any filing).

Moreover, Plaintiff's residual allegation—that he needs Washington legal materials to discover additional infirmities in his conviction—is not an actual injury. This runs afoul of the requirement that a plaintiff alleging an access-to-courts claim describe a predicate claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416. Indeed, the Supreme Court has disclaimed the premise underlying Plaintiff's residual argument, that the government is required to "enable the prisoner to *discover* grievances." *Lewis*, 518 U.S. at 354 (emphasis in original). At bottom, Plaintiff fails to articulate a legal claim at all, and thus the purported difficulty he is confronted with in Florida from conducting an untimely fishing expedition for claims attacking his Washington conviction does not violate the Constitution.

Plaintiff's contrary arguments are unavailing. He suggests first that the "mere inconvenience" to Defendant of providing the requested legal materials should be balanced against Plaintiff's "right to [those] materials."

ECF No. 74 at 3–4.  The Supreme Court, however, has never adopted or recommended a balancing test.  Instead, this Court is duty-bound to resolve Plaintiff's access-to-courts claim utilizing the "nonfrivolous, arguable" standard discussed above.

Plaintiff also says that he cannot advance a nonfrivolous predicate claim without access to the requested legal materials, invoking the proverbial "Catch-22."  *Id.* at 6–7.  This argument rings hollow.  Unlike the prisoner in *Hall v. Stouffer*, No. WMN-15-1008, 2018 WL 8345165, at * (D. Md. Oct. 24, 2018), Plaintiff is represented by counsel in this matter, who could have used his resources to articulate a nonfrivolous, arguable claim or provided Plaintiff the materials to do so.  Likewise, the cases summarily cited by Plaintiff are inapposite because they discuss a procedural conflict ("Catch-22") not at issue here, the recognized conflict between *Lewis* and *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Arrellano v. Blahnik*, No. 16-cv-2412-CAB-DHB, 2017 WL 3530896, at *2 (S.D. Cal. Aug. 17, 2017); *Lueck v. Wathen*, 262 F. Supp. 2d 690, 698–99 (N.D. Tex. 2003).  Finally, and in any event, this is not an exception to the actual injury requirement.

In sum, Plaintiff's access-to-courts claim fails as a matter of law.  Plaintiff previously challenged his conviction on direct appeal and in collateral proceedings while in Defendant's custody.  Consequently, the

Constitution does not require Washington, as the "sending state" under the ICC, to provide him legal materials for investigating or discovering collateral challenges *in perpetuity* but instead only when he demonstrates a new claim would be nonfrivolous and arguable (*i.e.*, not time-barred or defaulted). Because Plaintiff does not allege an actual injury (a nonfrivolous, arguable predicate claim), this case is due to be dismissed.[5]

## IV.  CONCLUSION

For the reasons discussed above, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment, ECF No. 72, should be **GRANTED**.

**IN CHAMBERS** this 13th day of July 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

---

[5] Because Plaintiff does not state a cognizable constitutional claim, the Court need not address the issue of qualified immunity. *See Garczynski v. Bradshaw*, 573 F.3d 1158, 1170 (11th Cir. 2009) ("No constitutional violation occurred.  Without this element, we need not assess whether the alleged violation was clearly established.").

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.